■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ETTA LOUISE MEADOWS, Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered March 21, 1961 after a jury trial, convict-

ing her of grand larceny in the second degree; forgery in the third degree; misappropriation of funds by a public officer in violation of section 1865 of the Penal Law; and obtaining proceeds of a fraudulent audit in violation of section 1864 of the Penal Law, and imposing sentence. Judgment affirmed. Defendant was a case worker for the Welfare Department of the City of Poughkeepsie. She was indicted on 68 counts, the substance of the charges being that she fraudulently caused checks to be issued to welfare recipients whose cases she handled, and then converted the checks or their proceeds by telling the recipients that the checks were issued by mistake. The recipients testified that in some instances they cashed the checks and gave defendant the proceeds, and that in other instances they merely indorsed the checks in blank and gave them to her. Defendant claims that the verdict was against the weight of the evidence, that testimony corroborating one of the People's witnesses should not have been admitted because the witness was not an accomplice, and that there was an erroneous charge which permitted the jury to consider more counts than were proper. In our opinion the record amply sustains the jury's verdict. We find that the challenged testimony was relevant to the conversion of one of the checks (of which defendant was convicted) and was properly received in evidence even though it also had the effect of corroborating the testimony of a witness who was not an accomplice. Even if we assume the court erred in its charge as to larceny in the first degree, as defendant contends, we find no indication that she was prejudiced thereby. In our opinion, the claimed error did not affect any substantial right of defendant, who was found guilty under the first two counts of the indictment of grand larceny in the second (and not the first) degree, and was sentenced therefor only under the second count. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.